## UNITED STATES v. HILLSDALE DISTILLERY CO.

(District Court, D. North Dakota.  May 31, 1917.)

1. INTOXICATING LIQUORS ⬤⇒138—OFFENSES—LABELING SHIPMENTS—KIND OF LIQUOR.

Under Penal Code (Act March 4, 1909, c. 321) § 240, 35 Stat. 1137 (Comp. St. 1916, § 10410), requiring interstate shipments of spirituous, vinous, malted, fermented, or other intoxicating liquor to be so labeled as to plainly show the nature of their contents and the quantity contained therein, it was sufficient to describe the contents as intoxicating liquor, without specifying the particular kind of liquor.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 148.]

2. INTOXICATING LIQUORS ⬤⇒138—OFFENSES—LABELING SHIPMENTS.

Under Penal Code, § 240, requiring interstate shipments of intoxicating liquor to be so labeled as to plainly show the nature of their contents, any attempt to evade the law, by failing to set forth the particulars truthfully, or to disclose them plainly, or any attempt to cover up with advertising matter the facts which the law requires the label to reveal, so as to readily catch the eye, violates the law.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 148.]

The Hillsdale Distillery Company was indicted for an offense. On demurrer to the indictment. Demurrer sustained.

M. A. Hildreth, U. S. Atty., of Fargo, N. D.
Fowler & Green, of Fargo, N. D., for defendant.

AMIDON, District Judge. Defendant was indicted for violating section 240 of the Penal Code. The indictment charges that it shipped a package containing intoxicating liquors from St. Paul, Minn., to Tolna, N. D., without such package being labeled on the outside cover, so as to plainly show the name of the consignee, the nature of the contents, and the quantity contained therein. Defendant demanded a bill of particulars, which should set forth the label. The government filed such a bill, attaching the label taken from the package of intoxicating liquors as an exhibit. Defendant then demurred to the indictment, as explained by the bill of particulars, upon the ground that it failed to state a public offense, and the case is now submitted on this demurrer.

The label is printed in clear, black type on a yellow background. All the lettering is in small capitals, except defendant's name, which is in large capitals. The name of the consignee is written on the label by typewriter. The quantity of liquor, "2⅛" is also written by typewriter in front of the printed word "gallons," so that the section of the label dealing with the contents of the package reads, "2⅛ gallons intoxicating liquor." This statement is plain in type, and is as conspicuous as any other matter contained in the label, except the words "Hillsdale Distillery Co." It stands immediately opposite the name of the consignee, and is framed in black lines, so as to bring out the statement clearly on the face of the label.

[1] No point is made by the government that the label is not

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"plain," or that it does not correctly state the quantity contained in the package. The indictment rests upon the ground that the use of the words "intoxicating liquor" does not adequately describe "the nature of its contents," within the requirements of the law, and counsel for the government urges that the label should descend to particulars, and specify the kind of intoxicating liquor, such as beer, whisky, brandy, wine, or champagne, and state the quantity of each if more than one kind of liquor is contained in the package. I do not think this is a sound interpretation of the law. The statute deals with intoxicating liquor. That term covers all kinds of liquor which it mentions. Any shipment of liquor which comes within the term "intoxicating" must comply with the provisions of the law. I am unable to discover any public purpose that would be promoted by requiring the label to descend into details. On the contrary I can see many practical objections. More than one kind of intoxicating liquors may be placed in the same package. Other cases submitted to the court with this case show that practice not to be uncommon. It would be quite impracticable to set forth in a label an invoice of different kinds of liquor, showing the quantity of each. Further, the requirement of clearness would be greatly promoted by printing the label, instead of using either script or typewriting. It would be impracticable, however, to use printing, if the label is required to specify several kinds of liquor, which would vary both in quantity and kind with different shipments. The limitations of size of the label for different packages might also forbid the setting out of details in the label, if the requirement of the law that it shall "plainly show" the matters specified is also complied with. If it were held that the label must contain an invoice of the different kinds of liquor in the package, it is manifest that such a label would frequently be impractical in size, or fail to be "plain" in its disclosures. In my judgment, therefore, the specification "intoxicating liquor" is a sufficient disclosure of "the nature of the contents" of the package to satisfy the law.

It is impossible to lay down any universal rule that will be applicable to all labels. Each case arising under the statute will have to be dealt with according to its peculiar features. In several cases that recently came before this court the word "liquor" was the only disclosure as to the nature of the contents of the package, and this word was either written on the back of the label, or written or printed so as to conceal, rather than disclose, what the package contained. Those labels were held to be a violation of the law.

[2] The statute requires that the particulars it mentions shall be "plainly" shown on the label. Any attempt to evade the law by failing to set forth the particulars truthfully, or to disclose them plainly, falls within the condemnation of the statute. The label should be devoted to disclosing the facts mentioned in the statute, and not to advertising. Any attempt to cover up with advertising matter the facts which the law requires the label to reveal, so as readily to catch the eye, violates the law. Section 240, however, does not contemplate that the label shall be made impractical in the channels of commerce, and in my judgment this would be the result of requiring it to set

forth an invoice showing the quantity and particular kind of different varieties of intoxicating liquor.

The demurrer is therefore sustained.